1

2

3

4

5

6

7

8

9

10

11

12

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,       )
                                   )
              Plaintiff,    )
                                   )
vs.                               )
                                   )
MICHAEL VALES, et al.,       )
                                   )
              Defendants.  )
                                   )

Case No. 2:11-cr-00434-LDG-PAL

## ORDER

(Mtn to Sever - Dkt. #314)

This matter is before the court on Defendant Michael Vales' Motion to Sever from All Other Defendants and/or Severance from Count Four Marriage Fraud (Dkt. #314) filed November 28, 2012. The court has considered the Motion, the government's Response (Dkt. #323) filed December 7, 2012, and Vales' Reply (Dkt. #326) filed December 8, 2012.

## BACKGROUND

On December 13, 2011, the grand jury returned an Indictment (Dkt. #1) charging Vales with Wire Fraud in violation of 18 U.S.C. § 1343 and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. Vales made an initial appearance, was arraigned, and entered not guilty pleas on December 15, 2011. *See* Minutes of Proceeding (Dkt. #93). At a hearing held January 24, 2012, the court granted Vales' Motion to Deem Case Complex (Dkt. #121). *See* Minutes of Proceeding (Dkt. #141). The court approved the parties' Proposed Complex Case Schedule (Dkt. #148) in an Order (Dkt. #158) entered February 14, 2012.

On October 16, 2012, the grand jury returned a Superceding Indictment (Dkt. #243), charging Vales with Wire Fraud in violation of 18 U.S.C. § 1343 and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. The Superceding Indictment added a new co-Defendant, Florin Toma, and alleged an additional count against co-Defendant Evenhenii Russu for Marriage Fraud in violation

1   of 18 U.S.C. § 1325(c).  *See* Superceding Indictment (Dkt. #243).  Vales was arraigned on the

2   Superceding Indictment on October 26, 2012, and entered not guilty pleas to both counts.  *See* Minutes

3   of Proceeding (Dkt. #288).  Trial of Vales and his co-Defendants is scheduled for May 20, 2013.  *See*

4   Order (Dkt. #346).

5                                                    **DISCUSSION**

6   **I.       The Parties' Positions.**

7             Vales seeks an order pursuant to Rule 14 of the Federal Rules of Criminal Procedure severing

8   his trial from his co-Defendants' trial.  First, Vales contends that his co-Defendants could offer

9   exculpatory testimony if he is tried separately.  He asserts that if he is tried with his co-Defendants, they

10  will likely assert their Fifth Amendment right against self-incrimination and will not provide

11  exculpatory testimony in a joint trial.  Vales "reserves the right" to file an affidavit pursuant to the

12  Ninth Circuit's opinion in *United States v. Vigil,* 561 F.2d 1316 (9th Cir. 1997) (per curium).  Vales

13  argues that even if a co-Defendant would not voluntarily testify at Vales' separate trial, Vales still has a

14  constitutional right to call the co-Defendant as a witness.  If the co-Defendant invokes his or her Fifth

15  Amendment right against self-incrimination, Vales "could seek an order requiring the government to

16  grant use immunity to the co-Defendant's testimony under 18 U.S.C. § 6003(b)(1)," or the court could

17  confer immunity because otherwise, Vales would be prevented from presenting important exculpatory

18  evidence.  Motion at 4:22-24.

19            Second, Vales argues the jury will be unable to compartmentalize evidence and will likely find

20  Vales guilty by association.  Many of Vales' co-Defendants are alleged to have engaged in this

21  conspiracy for years, whereas the allegations against Vales relate to only "a few money order

22  transactions."  Motion at 5:18-20.  Vales asserts is he only alleged to have been "used by the co-

23  Defendants to pick up money orders."  Reply at 2:14-16.  He contends he "was led to believe that he

24  was picking up a money order for a friend that did not have proper identification," and afterward, co-

25  Defendants he does not identify "insisted" he pick up more money orders.  Vales claims "several" co-

26  Defendants and "individuals with Russian accents" threatened him.  Reply at 2:14-23.  Therefore, the

27  court should sever Vales and order separate trials.

28  / / /

1    Third, Vales contends the marriage fraud charge alleged against co-Defendant Russu is

2  unrelated to any other allegation in the Superceding Indictment, and "creates undue prejudice."  Vales

3  asserts he was not involved in any conduct involving marriage fraud.  Finally, relying on the Ninth

4  Circuit's opinion in *United States v. Tham,* Vales requests that if the court grants severance, his trial be

5  continued until after the co-Defendants' trial.  948 F.2d 1107, 1112 (9th Cir. 1991), *amended and*

6  *superceded by* 960 F.2d 1391 (9th Cir. 1991).

7    The government responds that Vales has been properly charged with his co-Defendants pursuant

8  to Rule 8(b) of the Federal Rules of Criminal Procedure, and he should be tried with them.  The

9  conspiracy charge against Vales describes a "far-reaching scheme and conspiracy to use the interstate

10  wire to defraud purchasers of items offered for sale via the internet."  Response at 2:11-14.  Vales is

11  alleged to have received money from victims as part of that alleged conspiracy.  The government

12  contends Vales has not met his burden to show that severance is required to allow a co-defendant to

13  testify.  *See United States v. Hernandez,* 952 F.2d 1110, 1115 (9th Cir. 1992) (citing *United States v.*

14  *Jenkins,* 785 F.2d 1387, 1393 (9th Cir. 1986).  Vales has not: (a) identified any particular co-Defendant

15  who would testify on Vales' behalf; (b) set forth the substance of such testimony; or (c) provided any

16  factual basis in support of his request.  By indicating he would submit "an affidavit that satisfies the

17  requirements of *Vigil*," Vales admits that he has not met his burden.

18    The government also contends that Vales' argument regarding a request for immunity for a co-

19  Defendant's testimony is flawed.  Citing the Ninth Circuit's opinion in *United States v. Duran,* the

20  government asserts that the Sixth Amendment does not provide criminal defendants with a right to

21  demand immunity for a witness who invokes his Fifth Amendment right against self-incrimination

22  because "[i]mmunity is an executive, not a judicial function."  189 F.3d 1071 (9th Cir. 1999) (citing

23  *United States v. Baker,* 10 F.3d 1374, 1414 (9th Cir. 1993) (internal citation omitted)).

24    With respect to Vales' assertion that he will be found guilty by association, the government

25  contends that Vales is alleged to have conspired with his co-Defendants, and as a member of the

26  conspiracy, he is responsible for the conduct of his co-conspirators.  The government relies on the Ninth

27  Circuit's decision in *United States v. Fernandez,* which held that a joint trial is particularly appropriate

28  where defendants are charged with conspiracy because "the concern for judicial efficiency is less likely

1  to be outweighed by the possible prejudice to the defendants when much of the same evidence would be

2  admissible against them in separate trials."  388 F.3d 1199, 1242 (9th Cir. 2004).  In addition, the

3  government asserts that Vales has not established that he would be manifestly prejudiced by a joint

4  trial, and severance is not warranted.

5       Finally, the government acknowledges that Count Four of the Superceding Indictment, which

6  charges co-Defendant Russu with Marriage Fraud in violation of 18 U.S.C. § 1325(c), "bears only

7  tangential relationship to the scheme and conspiracy to commit wire fraud."  Response at 10:8-9.

8  According to the government, ongoing plea negotiations may render this matter moot.  However, the

9  government does not oppose severance of Count Four.[1]

10       Vales replies that he can identify the co-Defendant who threatened him.  He attached an FBI 302

11  report from an interview FBI agents conducted with Vales on December 15, 2011, to his Reply.  The

12  302 indicates that Vales reported  he felt threatened and believed he was being followed.  When the

13  agents showed Vales a photo of co-Defendant Radu Lisnic, Vales identified Lisnic as the person who

14  had followed him.  He asserts that the "testimony of Lisnic or others could negate the intent of Vales to

15  commit the alleged crime.  At a minimum[,] it would support a justification defense."  Reply at 2:14-

16  16.

17  **II.      Applicable Law**

18      **A.      Federal Rule of Criminal Procedure 8(a): Joinder.**

19       Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in

20  the same criminal indictment.  Rule 8(a) allows for joinder of multiple offenses against a single

21  defendant if the offenses are: (a) of the same or similar character; (b) based on the same act or

22  transaction; or (c) connected with or constituting parts of a common scheme or plan.  Fed. R. Crim. P.

23  8(a).  While Rule 8(a) governs joinder of offenses, Rule 8(b) governs when defendants may be joined

24  for trial.  It provides:

25  / / /

26  _____

27     [1]The government indicates that if plea negotiations are unsuccessful, it may move to sever co-Defendant Russu and "possibly" other co-Defendants to avoid issues that may arise because of the

28  United States Supreme Court's decision in *Bruton v. United States,* 391 U.S. 123 (1968).

1
2
3

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

4   Fed. R. Crim. P. 8(b).

5   "[M]ost courts have held that Rule 8(b) applies exclusively to issues of joinders of multiple

6   defendants and that Rule 8(a) applies only in cases involving a single defendant charged with multiple

7   offenses." *United States v. Irizarry*, 341 F.3d 273, 287 (3rd Cir. 2003), *cert. denied,* 40 U.S. 1140

8   (2004). The Ninth Circuit has held that Rule 8(a) applies only to joinder of offenses against a single

9   defendant, and the provisions of Rule 8(b) control when more than one defendant is named in an

10  indictment. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).

11  A claim of misjoinder of offenses or parties under Rule 8 is a question of law reviewed de novo.

12  *United States v. Sanchez-Lopez*, 879 F.2d 541, 550 (9th Cir. 1989). In determining whether two or

13  more defendants are appropriately joined for trial under Rule 8(b), the court examines whether two or

14  more defendants are alleged to have participated in the same act or transaction or in the same series of

15  acts or transactions constituting an offense or offenses. *See* Fed. R. Crim. P. 8(b). Generally, a valid

16  basis for joinder must be discernable from the face of the indictment. *See United States v. Jawara,* 474

17  F.3d 565, 572 (9th Cir. 2006) (citing *Terry,* 911 F.2d at 276, and *United States v. Von Willie,* 59 F.3d

18  922, 929 (9th Cir. 1995)). Mere factual similarity between the events is not a sufficient basis for

19  joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994). However, the term

20  "transaction" is interpreted flexibly, and determining whether a "series" exists depends on whether

21  there is a "logical relationship" between the transactions. *Id.* "A logical relationship is typically shown

22  'by the existence of a common plan, scheme, or conspiracy.'" *Id.* at 844 (internal citations omitted). A

23  logical relationship may also be shown if the common activity constitutes a substantial portion of the

24  proof of the joined charges. *Id.*

25  Rule 8 has been broadly construed in favor of joinder because joint trials conserve government

26  funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a

27  defendant to trial. *See United States v. Lane,* 474 U.S. 438, 449 (1986); *Jawara,* 474 F.3d at 572 (citing

28  *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir. 1971)). "There is a preference in the federal

1   system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534,

2   537 (1993).  "Defendants jointly charged in conspiracy cases are presumptively to be jointly tried."

3   *Baker,* 10 F.3d 1374, 1387 (1993) (citing *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.),

4   *cert. denied,* 449 U.S. 856 (1980)).[2]  Furthermore, the Ninth Circuit observed in *United States v.*

5   *Fernandez* that "a joint trial is particularly appropriate where the co-defendants are charged with

6   conspiracy, because the concern for judicial efficiency is less likely to be outweighed by the possible

7   prejudice to the defendants when much of the same evidence would be admissible against each of them

8   in separate trials."  388 F.3d at 1242.

9                **B.        Federal Rule of Criminal Procedure 14: Severance.**

10           Rule 14 governs the severance of both defendants and charges.  *See Vasquez-Velasco,* 15 F.3d at

11   845.  Even where joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure, the

12   court may order separate trials of counts or provide other relief that justice requires if joinder "appears

13   to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).  The court's power to order

14   severance "rests within the broad discretion of the District Court as an aspect of its inherent right and

15   duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).  Rule 14

16   does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be

17   granted, if any, to the district court's sound discretion.  *See Zafiro,* 506 U.S. at 538-39.  The court's

18   denial of a motion to sever is reviewed for abuse of discretion.  *See Fernandez*, 388 F.3d at 1241.  "The

19   test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial

20   would be so prejudicial that the trial judge could exercise his discretion in only one way." *United*

21   *States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,* 449 U.S. 856 (1980)).

22           In the Ninth Circuit, a defendant bears a strong burden of showing prejudice under Rule 14, and

23   the defendant seeking severance must show clear, manifest, or undue prejudice of such a magnitude

24   that, without severance, the defendant will be denied a fair trial.  *See United States v. Throckmorton,* 87

25

26           [2] *Baker* was overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000),

27   which was, in turn, overruled on other grounds in *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002).
     However, the Ninth Circuit has recognized that *Baker*'s discussion of the legal principles governing severance of

28   joint trials remains good law.  *See United States v. Fernandez*, 388 F.3d 1199, 1241 n.27 (9th Cir. 2004).

1    F.3d 1069, 1072 (9th Cir. 1996); *Vasquez-Velasco,* 15 F.3d at 845.  This is clearly not an easy burden to

2    meet.  *Hernandez,* 952 F.2d at 1115 (citing *United States v. Patterson,* 819 F.2d 1495,k 1501 (9th Cir.

3    1987)). Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to

4    another; (b) the defendant could be prejudicially confounded in presenting his defenses (i.e., where a

5    defendant wishes to testify in his own defense on one count but not another); or (c) the jury could

6    erroneously conclude the defendant is guilty on one charge and therefore convict him on another based

7    on his criminal disposition.  *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987) (citing *Drew*

8    *v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964)).  Additionally, if there is a risk of prejudice, the

9    Ninth Circuit has held it can be minimized with appropriate jury instructions, and "juries are presumed

10   to follow their instructions."  *See, e.g., Zafiro,* 506 U.S. at 540 (citing *Richardson v. Marsh,* 480 U.S.

11   200, 209 (1987)); *see also Vasquez-Velasco,* 15 F.3d at 847 (collecting cases regarding jury instructions

12   concerning compartmentalizing evidence and spillover prejudice).

13   **III.     Analysis & Conclusion.**

14            **A.      The Marriage Fraud Count.**

15            Vales seeks an order severing the marriage fraud charge alleged against co-Defendant Russu in

16   the Second Superceding Indictment because it is so unrelated to the remaining counts that it creates

17   undue prejudice.  In its Response, the government "concedes that Russu's marriage fraud bears only [a]

18   tangential relationship to the scheme and conspiracy to commit wire fraud."  Response at 10:8-9.

19   Accordingly, it does not oppose severance of the marriage fraud charge.

20            The government claims the marriage fraud count alleged against Defendant Russo  is

21   "tangentially related" to the conspiracy charge.  However, nothing in the Second Superceding

22   Indictment establishes a logical relationship between the marriage fraud and the conspiracy.  The Ninth

23   Circuit has held that a valid basis for joinder must generally be discernable from the face of the

24   indictment.  *See Jawara,* 474 F.3d at 572 (internal citation omitted).  The court cannot discern a valid

25   basis for joinder of the marriage fraud count with the other counts alleged in the Second Superseding

26   Indictment, and the government's response does not explain how a logical relationship exists.

27   Accordingly, the court will sever Count Four from the Second Superceding Indictment.

28   / / /

**B.      Severance of Vales from Co-Defendants.**

Vales contends severance is required because he needs one or more co-Defendants' testimony, and his co-Defendants will likely assert their Fifth Amendment privilege against self incrimination during a joint trial.  The Ninth Circuit has held that in this circumstance, the defendant seeking severance must show that he would call a co-defendant at a severed trial, that the co-defendant would testify, and that the proposed testimony would be favorable to the moving defendant.  *See United States v. Hernandez,* 952 F.2d at 1115 (citing *Vigil,* 561 F.2d at 1317) (internal citations omitted).  With respect to the requirement that the testimony be favorable, the Ninth Circuit has clarified that a defendant must show that the co-defendant's testimony is substantially exculpatory.  *See United States v. Mariscal,* 939 F.2d 884, 885-86 (9th Cir. 1991).  A showing that the co-defendant's testimony would be beneficial is insufficient to warrant severance.  *Id.*  In addition, the court should consider the weight and credibility of the proposed testimony and the judicial economy of severance.  *Id.* (citing *United States v. Hoelker,* 765 F.2d 1422, 1425 (9th Cir. 1985) (noting that considerations of judicial economy merit "serious attention" when a defendant moves to sever)).

Here, the Second Superceding Indictment alleges a scheme by the Defendants to defraud online purchasers of merchandise by false pretenses.  It identifies the Defendants who are alleged to be the leaders, managers, organizers, recruiters, and those who aided and abetted the scheme by obtaining, receiving, and forwarding money received from victims to the leaders and organizers.  Defendants allegedly advertised products online and in newspapers, told buyers the product would be shipped upon receipt of funds, and advised the buyers their payments would remain in escrow until the buyer received, inspected, and accepted the product.  *See* Second Superceding Indictment (Dkt. #243) at ¶ 3-5.  The government alleges that the purported "escrow agents" who received the payments were members of the conspiracy, and they did not deliver any of the promised or purchased items to the buyers.  *Id.* at ¶ 7.  Instead, they delivered the funds to the scheme's managers, who are alleged to have divided the money among themselves and the "escrow agents" who initially received the payments.  *Id.* at ¶ 8. The government alleges Vales aided and abetted the scheme by receiving $3,400 from a victim via wire transfer on July 7, 2010, in connection with a bogus sale of a GMC Yukon Denali.  *Id.* at ¶¶ 62-64.

1   Vales has not met his burden of showing severance is required to allow him to call one or more

2   co-Defendants as exculpatory witnesses.  He has not identified which, if any, of his co-Defendants he

3   would call at a separate trial or asserted that any co-Defendant would offer substantially exculpatory

4   testimony for Vales at a separate trial.  At most, the Motion represents that Vales believes he was

5   threatened to participate in the conspiracy and wire fraud offenses by several of his co-Defendants with

6   "[R]ussian accents."  Motion at 2:22-23.  However, Vales does not specify which co-Defendant would

7   testify in support of Vales' justification defense that he was threatened to participate in the conduct

8   alleged in the Second Superceding Indictment.  The Reply suggests that co-Defendant Lisnic "or

9   others" could offer testimony to help negate the intent element of the alleged charges or support a

10  justification defense.  He relies on an FBI 302 report produced in discovery indicating that Vales told

11  the FBI he felt threatened and that Lisnic had been following and watching him. This is insufficient.

12  Vales does not claim that Lisnic or any other co-Defendant would testify that Vales was threatened or

13  intimidated to participate in the conspiracy. Counsel for Vales does not even represent that he has

14  spoken to any co-Defendant's counsel about the possibility that a co-Defendant would offer exculpatory

15  testimony on Vales' behalf at a separate trial.  In fact, the Reply closes with a request for "a short three-

16  month continuance to allow all of the counsel to formulate a defense plan that suits their individual

17  clients."  Reply at 2:17-19.  Vales has not filed the affidavit required by *Vigil,* the Ninth Circuit case he

18  relies upon to support his request.  Instead, the Motion represents Vales is "reserving his right" to file

19  one later.  Because Vales has not identified any co-Defendant who would testify or described the nature

20  of any such proposed testimony, the court cannot determine whether it is substantially exculpatory, nor

21  can the court evaluate the weight or credibility of the testimony or the judicial economy of severance.

22   Finally, Vales argues that his alleged involvement in the conspiracy was minimal, and if the

23  jury hears evidence about the co-Defendants' alleged involvement, it may find Vales guilty by

24  association.  This conclusory assertion is insufficient to show Vales will be manifestly prejudiced by a

25  joint trial with his co-Defendants.  Vales is jointly charged in a conspiracy count with his

26  co-Defendants.  The Ninth Circuit recognizes a presumption that Defendants jointly charged in

27  conspiracy cases should be tried together. *See Fernandez,* 388 F.3d at 1242.  Vales has not shown that

28  he will be manifestly prejudiced by a joint trial.  The court's concern for judicial efficiency outweighs

9

any possible prejudice to Vales where, as here, much of the same evidence would be admissible against Vales in a separate trial.  Any risk of prejudice that may exist can be alleviated by appropriate limiting instructions to the jury.  Severance is not warranted under Rule 14 of the Federal Rules of Criminal Procedure.

For all of these reasons,

**IT IS ORDERED** that Vales' Motion to Sever (Dkt. #314) is **GRANTED in part** and **DENIED in part** as follows:

1.   The Motion is GRANTED to the extent that Count Four of the Second Superceding Indictment (Dkt. #243) is severed from the trial of the remaining counts.

2.   The Motion is DENIED in all other respects.

Dated this 4th day of January, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE